## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**INNOVATIVE INVENTOLOGIES, INC.**

**Plaintiff,**

**-vs**

**MILKMEN DESIGN, LLC.**

**Defendants.**

Civil Action No.: 8:25 cv 403 SDm-NHA

### TRIAL BY JURY DEMANDED

FEB 18 2025 PM3:34
FILED - USDC - FLMD - TPA

### COMPLAINT FOR PATENT INFRINGEMENT

For its complaint against Defendants Milkmen Design, LLC ("Milkmen"), Plaintiff Innovative

Inventologies, Inc ("Innovative") alleges as follows:

### NATURE OF THE ACTION

**1.** This is a civil action for patent infringement under the patent laws of the United States, Title 35 United

States Code and any other applicable U.S.C. Codes this Court or future Counsel deems necessary.

**2.** Defendants have infringed and continue to infringe, in an illegal and unauthorized manner, U.S. Utility

Patent No. 10,604,054 ("the '054 Patent"), attached as Exhibit A.

The patent is referred to as the "Patent" or the "Patent-in-Suit" or "the Patent '054."

**3.** Defendants have used the following Patents individually or in concert in order to infringe and continue to

infringe, in an illegal and unauthorized manner, by way of U.S. Utility Patent No. 11,518,287 and by

reference of ("the '776 Patent") ("the '496 Patent") ("the '260 Patent") ("the '726 Patent") ("the '196

Patent") ("the '653 Patent") ("the '654 Patent") ("the '677 Patent") ("the '857 Patent").

**4.** Innovative seeks to recover injunctive relief, damages, attorney's fees, and costs pursuant to 35 U.S.C.

§271.

1



## THE PARTIES

5. Innovative is a corporation organized and existing under the laws of Florida with its principal place of business at 5470 E. Busch Blvd Ste 134, Temple Terrace, Florida 33617.

6. Milkmen is a limited liability company organized and existing under the laws of the state of Ohio with its principal place business at 13694 York Road, North Royalton, Ohio 44115.

7. Upon information and belief, the Defendants directly and/or indirectly imports, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products in the  United States, including in the Middle District of Florida, and otherwise purposefully directs infringing activities to this judicial district.

8. Upon information and belief, the Defendants falsely obtained Patents by willfully and/or continues to knowingly falsify information of "product proper usage" and "intended usage" and directly and/or indirectly imports, designs, manufactures, distributes, markets, offers to sell and/or sells same infringing products in the United States, including in the Middle District of Florida, and otherwise purposefully directs infringing activities to this judicial district. designs, manufactures, distributes, markets, offers to sell and/or sells infringing products in the United States, including in the Middle District of Florida, and otherwise purposefully directs infringing activities to this judicial district.

## JURISDICTION AND VENUE

9. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332 and 1338 (a).

11. The Court has personal jurisdiction over the Defendant because the Defendant have infringed the Patent-in-Suit in this District by, among other things, engaging in infringing conduct within and directed at this District, because of their systematic and continuous business within this District, because of the injury to Innovative in this District, and because the causes of action have arisen in this District.

2

## FACTUAL ALLEGATIONS

12. On March 31, 2020, the United States Patent & Trademark Office (the "USPTO") duly issued the '054 Patent, entitled "Portable condiment holder system and device for use in a vehicle," after a full and fair examination.

13. The '054 Patent discloses a condiment holder for supporting a condiment container and a method for using the same (Window/Door).

14.    Innovative is presently the owner of the Patent-in-Suit, having received all rights, title, and interest in the Patent-in-Suit.

15.    On April 6, 2021, the USPTO duly issued Milkmen the 776' Patent, entitled "CONDIMENT HOLDER," after a full and fair examination.

16.    The 776' Patent discloses a condiment holder for supporting a condiment container and a method for using the same (Air Vent).

On December, 6 2022, the USPTO duly issued Milkmen the 287' Patent, entitled "ROTATABLE CONDIMENT HOLDER," after a partial and unfair examination, *caused by misinformation and omissions on behalf of Milkmen.*

17. The 287' Patent discloses a condiment holder for supporting a condiment container and a method for using the same (Air Vent/Window/Door Pane and perhaps car lighter).

18. On March, 16 2023, the USPTO duly issued Milkmen the 496' Patent, entitled "ROTATABLE CONDIMENT HOLDER," after a partial and unfair examination, *caused by misinformation and omissions on behalf of Milkmen.*

19. The 496' Patent discloses a rotatable condiment holder for supporting a condiment container and a method for using the same (Air Vent/Window/Door Pane and perhaps car lighter).

20. On September, 24 2024, the USPTO duly issued Milkmen the 260' Patent, entitled "ROTATABLE CONDIMENT HOLDER," after a partial and unfair examination, *caused by misinformation and omissions on behalf of Milkmen.*

21. The 260' Patent discloses a rotatable condiment holder for supporting a condiment container and a method for using the same (Air Vent/Window/Door Pane and perhaps car lighter).

22. Defendant offers for sale, sells, and distributes a condiment holder which incorporates the design, structure, and/or function of the Patent-in-Suit. The infringing condiment holder will be referred to as the "Accused Product."

23. The Patent-in-Suit have been in full force and effect since it issued.

24.    Innovative owns by assignment the entire right, title, and interest in and to the Patent-in-

25. Suit, including the right to seek damages for past, current and future infringement. The '054 Patent discloses a portable condiment holder system.

26. The '054 Patent discloses a length-adjustable holder arm with a downward bent outer end, such that

the outer part of the holder arm can be attached to a gap between an inner door casing and a windowpane of a door of a vehicle, such that the condiment container is stably positioned with convenient access to the condiment.

27.    Upon information and belief, Defendant is still selling the Accused Product. Prior to initiating this lawsuit, on February 17, 2025, Innovative advised Defendant of the Patent-in-Suit and advised the Defendant that the Accused Product infringes the Patent-in-Suit.

28.    Upon information and belief, since being advised of the Patent-in-Suit, Defendant has refused to discontinue sale of the Accused Product.

29.    Upon information and belief, Defendant is still selling the Accused Product, the Rotatable Condiment Holder (Patents 287', 496' and 260'.

30.    Upon information and belief, Defendant is suing other Companies and receiving Settlement for the '287 Patent (5:23-00153-S) (closed/settled) the Accused Product. See other related cases: 5:2024cv01007 (open) (776' & 287") and 5:24-cv-01900 (open) (776" & 287").

## COUNT I

31. Innovative incorporates by reference every allegation set forth in the preceding paragraphs.

32. Defendant has offered and, upon information and belief, continues to offer for sale the Accused

Product that enables the performance of at least one independent claim of the 054' Patent in violation of 35 U.S.C. §271.

33.    Upon information and belief, Defendant has imported for sale the Accused Product that enables the performance of at least one independent claim of the '054 Patent in violation of 35 U.S.C. §271.

34.    Defendant has infringed and, upon information and belief continues to infringe at least one independent claim of the '054 Patent and will continue to do so unless enjoined by this Court.

35. Upon information and belief, Defendant has provided false information regarding the method for using the Patent '287 (Air Vent/Window/Door Pane and perhaps car lighter).

36. Upon information and belief, Defendant has provided false information regarding the method for using the Patent '496 (Air Vent/Window/Door Pane and perhaps car lighter).

37. Upon information and belief, Defendant has provided false information regarding the method for using the Patent '260 (Air Vent/Window/Door Pane and perhaps car lighter).

The following is a depiction of the Accused Product. This Accused Product is being sold on Amazon website and in various retailers.



**38.** Defendant has committed these acts of infringement without license or authorization from Innovative.

**39.** As a direct, indirect and proximate result of Defendant's infringement of at least one independent claim of the '054 Patent, Innovative has been and continues to be damaged.

**40.** As a direct, indirect and proximate result of Defendant's direct/indirect infringement of the '054 Patent, Innovative has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Innovative for Defendant's past and continuing infringement of the '054 Patent.

**COUNT II**

**41.** Innovative incorporates by reference every allegation set forth in the preceding paragraphs.

**42.** Defendant has offered for sale and sold and, upon information and belief, continues to offer for sale and sells the Accused Product that enables the performance of at least one independent claim of the '054 Patent in violation of 35 U.S.C. §271.

**43.** Upon information and belief, Defendant has improperly used the Patent '776 as "prior art" and/or "prior claim" and/or "related art" to that of the Patents '287, '496 and '260.

**44.** Upon information and belief, Defendant has improperly used the Patent '776 as "a "shotgun Patent" in order to allow the Patents '287, '496 and '260, to reach parts of the vehicle it would thereby be otherwise restricted.

**45.** Upon information and belief, Defendant has improperly used the Patent '776 as a "Blanket Patent" in order to allow the Patents '287, '496 and '260, to reach parts of the vehicle it would thereby be otherwise restricted.

**46.** Upon information and belief, Defendant has improperly used the Patent '776 as a "Silver Platter" in order to allow the Patents '287, '496 and '260, to reach parts of the vehicle it would thereby be otherwise restricted.

**47.** Upon information and belief, Defendant's "improper usage" or "classification" of the Patent '776, in conjunction with the *newly discovered evidence* of "unrelated functionalities" has directly and/or indirectly caused a clear monopolization of the in-car sauce market. Thereby, embarking upon or perhaps already foregone the limits of "well-established anti-trust laws" that expressly prohibits conduct that "creates or maintain monopoly power."

**48.** As a direct/indirect and proximate result of Defendant's infringement of at least one independent claim of the '054 Patent, Innovative has been and continues to be damaged.

**49.**     As a direct/indirect and proximate result of Defendant's direct/indirect infringement of the '054 Patent, Innovative has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Innovative for Defendant's past and continuing infringement of the '054 Patent.

## DEMAND-FOR-JURY-TRIAL

**50.**     Plaintiff demands a trial by jury of all causes of action.

## PRAYER-FOR-RELIEF

WHEREFORE,          Plaintiff          prays          for          the          following          relief.

**a.** That Defendant be adjudged to have directly infringed the '054 Patent either literally or under the doctrine of equivalents or any other doctrine of relevancy, to the pro se litigant allegations (by nature and/or reference);

**b.** That Defendant be adjudged to have directly infringed the '054 Patent either literally or under the doctrine of equivalents or any other doctrine of relevancy, to the pro se litigant allegations (by nature and/or reference);

**c.** That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, partners, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patent-in-Suit;

**d.** An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

**e.** An award of damages pursuant to 35 U.C.C. §284 sufficient to compensate Innovative for the Defendant's past infringement, including compensatory damages;

**f.**     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

**g.** That Defendant be directed to pay enhanced damages, including Innovative's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

**h.**    That Innovative be granted such other and further relief as this Court may deem just and proper.

Dated: February 17, 2025

Respectfully submitted,

*Zevon McCarter*

Zevon McCarter
5470 E. Busch Blvd #134
Temple Terrace, FL 33617

Phone: 813-596-8119
Email: attorneyzevonprose@gmail.com

*Pro se Counsel for Innovative Inventologies, Inc.*